**UNTIED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VISION IT SERVICES, INC.,
AND KIRAN KUMAR
CHERUKUVADA,

Plaintiffs,

CASE NO. 11-11170

HON. MARIANNE O. BATTANI

v.

ALEJANDRO MAYORKAS, ET AL.,

Defendants.
_________________________________/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFFS' MOTION TO FILE SURREPLY**

Before the Court are Defendants' Motion to Dismiss on mootness grounds (Doc. No. 6), and Plaintiffs' Motion to File Surreply (Doc. No. 12). The Court heard oral argument on September 22, 2011, and took this matter under advisement. For the reasons that follow, the Court **GRANTS** Defendants' Motion to Dismiss, and **DENIES** Plaintiffs' Motion to File Surreply.

**I. INTRODUCTION & BACKGROUND**

Plaintiffs, Vision IT Services, Inc. ("Vision IT") and Kiran Kumar Cherukuvada ("Cherukuvada"), sued Defendants, alleging that Defendants arbitrarily denied Vision IT's employment visa application filed on behalf of Cherukuvada. Specifically, Plaintiffs allege a violation of due process and the Administrative Procedure Act ("APA"). (Doc. No. 1, at 2). In their Motion to Dismiss, Defendants Alejandro Mayorkas, Director of United States Citizenship and Immigration Services ("USCIS"), United States Attorney General Eric Holder, and United States Attorney for the Eastern District of Michigan

Terrence Berg argue that Plaintiffs' claims are moot because USCIS granted Vision IT's Immigrant Petition for Alien Worker, Form I-140 ("Form I-140") after the filing of this lawsuit. (Doc. No. 6, at 1).

The facts of the case are not in dispute. Plaintiff Vision IT filed a Form I-140 application for an employment visa on behalf of Cherukuvada. (Doc. No. 1, at 2). Cherukuvada was seeking employment at Vision IT pursuant to I.N.A. § 203(b)(2)(A). After receiving Vision IT's application, USCIS issued a Request for Evidence ("RFE"). (Id.). In support of its application, Vision IT responded to the RFE using Cherukuvada's 2009 and 2010 W-2 forms to show that Vision IT was able to meet the proffered wage requirements under the regulations. (Id.). USCIS denied the Form I-140 application on January 11, 2011. (Id. at 3). On March 23, 2011, Plaintiffs filed a complaint seeking judicial review and reversal of USCIS's denial of the Form I-140 application. After the initiation of this lawsuit, on June 22, 2011, USCIS reopened and granted Vision IT's Form I-140 application.

**II. STANDARD OF REVIEW**

"Subject matter jurisdiction is always a threshold determination." Am. Telecom Co., L.L.C. v. Republic of Lebanon, 501 F.3d 534, 538 (6th Cir. 2007) (citations omitted). The Supreme Court has explained, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. . .[thus] [i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citation omitted). Accordingly, when the defendant challenges subject matter jurisdiction, the plaintiff

bears the burden of establishing jurisdiction. Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990).

A Fed. R. Civ. P. 12(b)(1) motion for lack of subject matter jurisdiction "can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004).

A plaintiff survives a "factual attack" by supporting jurisdictional facts with "competent proof." Hertz Corp. v. Friend, 130 S. Ct. 1181, 1194 (2010). When jurisdictional facts are challenged, the district court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist."

## III. ANALYSIS

The parties disagree as to whether the case before the Court is moot. The case or controversy requirement of Article III of the United States Constitution prohibits the federal courts from reviewing moot cases. Lewis v. Con'l Bank Corp., 494 U.S. 472 (1990). A party must have a continuing personal interest in the litigation to avoid dismissal on mootness grounds. To evaluate the merits of a case, "it is not enough that a dispute was very much alive when suit was filed." Id. at 477. The case-and-controversy requirement must permeate throughout the entire federal judicial process—from the trial through the exhaustion of the appellate process. Id. at 477-78; McPherson v. Mich. High Sch. Athletic Ass'n, 119 F.3d 453, 458 (6th Cir. 1997) ("[t]he mootness inquiry must be made at every stage of a case; thus, if a case becomes moot during an

appeal, the judgment below must be vacated and the case remanded with instructions to dismiss."). In their prayer for relief, Plaintiffs ask the Court to:

1. Enter an order directing USCIS to vacate and reverse the denial of this I-140 petition;
2. Enter an order directing USCIS to grant this I-140 petition;
3. Award reasonable attorney fees;
4. Expedite the processing of this complaint;
5. Any further relief which the court may deem appropriate

(Doc. No. 1, at 5-6). Because USCIS already granted the specific Form I-140 in question, the Court finds the issue before it is moot.

The Court's analysis does not end here, however, because the U.S. Supreme Court has outlined three exceptions to the mootness doctrine. A plaintiff's claim may proceed: (1) where the defendant's conduct amounted to voluntary cessation, City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982); (2) where the conduct is capable of repetition, yet evading review, Murphy v. Hunt, 455 U.S. 478, 482 (1982); and (3) a class action lawsuit where "there [is] still a live controversy as to the class that the named plaintiff sought to represent," See Pettrey v. Enter. Title Agency, Inc., 584 F.3d 701 (6th Cir. 2009) (citing United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980)).

Plaintiffs advance three grounds in support of their position that this case is not moot. First, Plaintiffs argue that a personal interest in the litigation is not a necessary requirement to proceed with a claim. Second, Plaintiffs assert that the case is not moot because the challenged conduct is capable of repetition, but evading review. Third, Plaintiffs contend that the USCIS voluntarily ceased the challenged conduct and the case cannot become moot.

**A. Personal Interest In The Litigation**

Contrary to Supreme Court authority, Plaintiffs suggest that a case is not moot even if the individual claimant's matter is resolved. It is well established that the requisite personal interest that must exist in order to have standing must continue throughout the existence of the litigation to avoid dismissal on mootness grounds. Arizonians for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997).

The case at hand is analogous to Arizonians. In Arizonians, the plaintiff challenged the State of Arizona's policy declaring English the official language of the state, and attempted to use her bilingual skills in state employment. 520 U.S. at 43. The plaintiff's complaint asked the court for injunctive relief; however, after filing suit, the plaintiff resigned from state employment to pursue work in the private sector. Id. at 72. The Court held that the plaintiff's claim was moot. Id. at 69-71.

Similarly to Arizonians, Plaintiffs brought this instant action and asked the Court to enter an order directing the USCIS to grant Vision IT's Form I-140. As the USCIS has granted the Form I-140, the issue is now moot. Just as the Court in Arizonians held that the plaintiff's claim was moot after she resigned, Plaintiffs' claim is moot because the requested relief has already been obtained.

**B. Capable Of Repetition, But Evading Review**

Plaintiffs erroneously argue that the issue at hand is capable of repetition because the USCIS can continue to issue RFE's arbitrarily. A controversy is capable of repetition if the events that give rise to the controversy can affect the same plaintiff more than once or a class action challenges conduct that will always affect someone in society. See Roe v. Wade, 410 U.S. 113 (1973) (holding that the same woman may be

pregnant more than one time and pregnancy will always affect someone), holding modified on other grounds by Planned Parenthood v. Casey, 505 U.S. 833 (1992). Absent a class action, a plaintiff must show that (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration (i.e. pregnancy); and (2) there is a reasonable expectation that the same complaining party will be subject to the same action. Murphy v. Hunt, 455 U.S. 478 (1982); see also Funbus Sys., Inc. v. State of Cal. Pub. Utils. Comm'n, 801 F.2d 1120 (9th Cir. 1986) (reasoning that if a plaintiff can show that other people may litigate the same issue in the future, the claim is still moot).

The capable of repetition exception to mootness requires the challenged conduct to be capable of repetition as to the *named* parties to the litigation. Here, USCIS granted the Form I-140, and Vision IT will never have to file another Form I-140 on behalf of Cherukuvada. In theory, if Vision IT were to fire Cherukuvada and then attempt to rehire him, the conduct may be capable of repetition. However, even if another Form I-140 were denied, Vision IT would be able to file an appeal through the administrative appeals process or bring a claim in district court. Thus, the conduct would never evade review, failing the second prong of the capable of repetition exception.

**C. Voluntary Cessation Of The Challenged Conduct**

Next, Plaintiffs incorrectly assert that Defendants' actions constituted voluntary cessation of the challenged conduct. Generally, a defendant may not render a case moot by voluntarily ceasing the challenged conduct. See Friends of the Earth v. Laidlaw Env't Servs., Inc., 528 U.S. 167, 167 (2000). However, even though voluntary

cessation of the challenged conduct generally does not moot a case, if the conduct is not likely to recur, the case becomes moot. See Ailor v. City of Maynardville, Tennessee, 368 F.3d 587, 596 (6th Cir. 2004). Essentially, a court should determine whether the defendant is attempting to manipulate the court's jurisdiction by looking at the motive for the cessation and if there is any reasonable expectation that the challenged conduct will recur. See Ammex, Inc. v. Cox, 351 F.3d 697 (6th Cir. 2003).

In the case at hand, there is no reasonable expectation that Vision IT's Form I-140 filed on behalf of Cherukuvada will be denied again; it already was granted. The challenged conduct is not likely to recur. Vision IT will likely never have to apply for a Form I-140 on behalf of Cherukuvada. After the USCIS granted the Form I-140, Cherukuvada was able to file for an adjustment of status to become a legal permanent resident, which would give him the ability to work for Vision IT under an employment visa. See 8 C.F.R. § 204.5(a). Therefore, the Court finds that the challenged conduct is not likely to recur, and the case is moot.

**D. Plaintiffs' Motion To File Surreply**

With Defendants' consent, Plaintiffs filed a Motion to File Surreply. Upon closer inspection, Plaintiffs' motion essentially reads as a motion to amend the complaint to add relief in the form of an injunction and a declaratory judgment. At oral argument, Plaintiffs' counsel confirmed that Plaintiffs' intention was to clarify that their complaint asked for injunctive and declaratory relief. Specifically, Plaintiffs ask the Court to find that their request that, "[a]ny further relief which the [c]ourt may deem appropriate," was an affirmative request for injunctive and declaratory relief. Reading Plaintiffs' Motion for

Surreply as an attempt to amend their complaint, the Court denies the motion because it is futile.

A party may amend its pleadings once as a matter of course before the responsive pleading is served. Fed. R. Civ. P. 15(a). Here, a responsive pleading has been served, thus Plaintiff needs leave of the Court to amend. Id. "[L]eave shall be freely given when justice so requires." Id. A district court need not grant leave to amend, however, when the proposed amendment would be futile. See Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 569 (6th Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182 (1963)). A proposed amendment is futile if the amendment could not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Thiokol Corp. v. Dep't of Treasury, 987 F.2d 376, 382-83 (6th Cir. 1993).

Plaintiffs' proposed amendment is futile because they lack standing to proceed on such a claim. The question of standing involves constitutional and prudential limitations on federal court jurisdiction. See Warth v. Seldin, 422 U.S. 490, 498 (1975) ("In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."). In Warth, the Supreme Court reasoned that Article III judicial power exists only to redress an injury to the complaining party. Id. at 499. "[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." Id. Additionally, a plaintiff must assert his own rights "and cannot rest his claim to relief on the legal rights or interests of third parties." Id.

Plaintiffs ask this Court to force the USCIS to apply its discretion in a manner that the Court deems appropriate. It is not the Court's place to interfere with the USCIS and the discretion it uses in accepting or denying employment visa applications. Plaintiffs argue that the Court should force the USCIS to be more efficient, as it would save government and judicial resources. However, as the Supreme Court stated in Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 891 (1990), Plaintiffs "cannot seek *wholesale* improvement of this program by court decree, rather than in the offices of the Department or the halls of Congress, where programmatic improvements are normally made." As the Supreme Court reasoned in Warth, Plaintiffs cannot merely assert a generalized grievance or rest their claim on the legal rights of other third parties. Moreover, even if the Court "forces the USCIS to be more efficient," there is no guarantee that all of Plaintiffs' I-140 forms will be accepted without the issuance of RFE's. Indeed, the process allows for USCIS discretion in admitting aliens under employment visas. Accordingly, Plaintiffs' Motion to File Surreply is denied.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss and **DENIES** Plaintiffs' Motion to File Surreply.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: October 6, 2011

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon all parties, electronically.

s/Bernadette M. Thebolt
Case Manager